**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALEXANDRIA SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:25-cv-425-JB-N** |
| **DISCOVER BANK,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>PROTECTIVE ORDER</u>**

Before the Court is Joint Motion for Entry of Agreed Protective Order (Doc. 38; hereinafter "Joint Motion").[1] The motion is hereby **GRANTED in part** and **DENIED in part**. The motion is denied to the extent that the content of this Protective Order differs from what the parties proposed in Exhibit 1 of the Joint Motion (Doc 38-1).

In consideration of the Joint Motion, the Court hereby **ORDERS** the following:

1.      Policies, procedures, documents, records and/or guidelines produced by the Parties that is/are reasonably believed to contain sensitive, proprietary, private, personal and/or confidential information, including confidential financial information, may be designated as "Confidential Material" that is subject to this Protective Order.

2. Designation of "Confidential Material" may be made by stamping or otherwise marking the materials as follows: "Confidential Material" or "Use of

---

[1] This motion has been referred to the undersigned Magistrate Judge for disposition. 28 U.S.C § 636; S.D. Ala. GenLR 72(a)(2)(S) & (b); 6/30/2026 reference notation on the docket sheet.

Document Restricted By Court Order" or "Confidential Pursuant to Court Order" or "Confidential." For purposes of this paragraph, an entire document, file or thing may be designated as "Confidential Material" by the Producing Party by: (1) stamping or otherwise marking the first or cover page of a multi-page document or a file folder containing multiple documents, (2) labeling a tape, disk and/or compact disk, in each instance in a manner reasonably calculated to call to the attention of other Parties the nature and scope of the designation, or (3) letter advising all other Parties of those documents (identified by Bates number ranges if possible) which the Producing Party is designating as "Confidential Material."

3.    If a Producing Party inadvertently fails to stamp or mark certain documents upon their production, it may designate such documents as "Confidential Material" by giving notice to all Parties that the material is to be so designated by stamping or otherwise marking the "Confidential Material" as described in the preceding paragraph. In either case, all Parties shall then stamp or otherwise mark the designated material as "Confidential Material" as described above. The parties may also designate documents that have already been produced as "Confidential Material" in writing, describing the document(s) by bates number if possible.

4.    "Confidential Material" and information derived from or contained in "Confidential Material" (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder) shall be used only as reasonably necessary for preparation and trial of this action, including any appeal or retrial, and

shall not be used for any other purpose, including, without limitation, any other litigation or proceeding; any business, competitive, or governmental purpose or function; and shall not be disclosed in any public manner, including in the contents of pleadings filed in this action, with the exception of filings made pursuant to paragraph 12 of this Protective Order. "Confidential Material" and information derived from "Confidential Material" shall not be disclosed except as set forth in paragraphs 5, 6, and/or 15. Nothing in this paragraph shall operate to prohibit or restrict the ability of the Court or Court personnel to use or disclose Confidential Material in accordance with applicable law.

5.　　"Confidential Material" may be disclosed only to the following persons, and such persons need not sign the certificate described in paragraph 6:

(a)　　Counsel of record for any Party; including any Party appearing pro se;

(b)　　Paralegal, stenographic, clerical and secretarial personnel employed by counsel described in (a); and,

(c)　　The Court and Court personnel including stenographic reporters engaged in proceedings in this civil action.

6.　　"Confidential Material" may also be shown or disclosed to consultants, witnesses, and/or prospective witnesses at or in preparation for deposition or trial who are persons other than those authorized to receive such material by the terms of paragraph 5 of this Protective Order, but only as necessary to their testimony or anticipated testimony, provided that each such consultant, witness, or prospective witness shall first sign the certificate attached as **Exhibit A** in the manner set forth

in paragraph 7 below.

7. Each individual, other than those identified in paragraphs 5(a)-(c) above, to whom "Confidential Material" is furnished, shown, or disclosed, shall prior to the time such individual receives access to such materials, be provided by counsel furnishing the individual such material a copy of this Protective Order and agree to be bound by its terms, and shall certify that s/he has carefully read the Protective Order and fully understands its terms, by signing a certificate substantially similar to Exhibit A. Such person also must consent to be subject to the personal jurisdiction of this Court, and to the personal jurisdiction of any Court to which this action may be transferred, with respect to any proceeding relating to enforcement of this Protective Order, including any proceeding relating to contempt of court. Counsel making disclosure to any person as described herein above shall retain the original executed copy of said certificate until final termination of this litigation, and shall provide the Producing Party with a signed copy of each such certificate no later than 10 days after the certificate is executed.

8. All persons receiving any or all documents produced pursuant to this Protective Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them

to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript. Without limiting the foregoing, no Party or other person receiving confidential information shall upload, input, transmit, or otherwise disclose such information to any artificial intelligence system, large language model, or third-party automated processing tool (including, without limitation, generative AI platforms), whether public or private, absent prior written consent of the Producing Party or further order of the Court. The provisions of this paragraph 8 shall not apply to the Court or Court personnel.

9.    The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial. The Parties shall cooperate in obtaining, to the extent reasonably requested by any Party, unmarked copies of stamped documents to be used at trial, provided, however, that there shall be no obligation to obtain non-Bates-numbered copies of any document.

10.    The list of persons to whom "Confidential Material" may be disclosed may be expanded by mutual written consent of counsel of record. Any Party may propose such an expansion by serving a letter on all counsel in this case and counsel for the Producing Party specifically identifying, and describing the role and function of, the person(s) intended to be added to the list. If counsel for any Party objects to any proposed expansion within 10 days after receipt of the letter from the Proposing Party, no "Confidential Material" may be disclosed to any person(s) intended to be

added to the list.

11.    Nothing in this Protective Order shall be construed to limit in any way the ability of the Producing Party to use or disclose "Confidential Material" in the possession of such Producing Party and designated as "Confidential Material" by such Producing Party in any manner whatsoever.

12.    The provisions of this Protective Order are without prejudice to the right of any Party: (a) to apply to the Court for a further protective order relating to any "Confidential Material" or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; and/or (c) to apply to the Court for any order compelling production of documents, seeking modification of this Protective Order, or permitting disclosure of "Confidential Material" beyond the terms of this Protective Order.

13.    The Parties shall comply with the governing rules of procedure, and move the Court for an order allowing "Confidential Material" to be filed under seal before filing any such materials with the Court. No material is automatically entitled to sealing simply by virtue of being subject to this Protective Order, and nothing herein should be construed as expanding any Party's ability to file material with the Court under seal that is not already permitted by statute, rule, case law, etc.

14.    If "Confidential Material" is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Protective Order to receive such material may be present. Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made

on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within 30 days of receipt of the transcribed testimony by counsel. Until 30 days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

15. Should any Party to whom "Confidential Material" is disclosed object to the classification of such materials, and the objection cannot be resolved informally, then the objecting Party may move for an order determining that the materials were not properly designated. Until the Court rules to the contrary, all materials designated as "Confidential Material" shall be treated as prescribed in this Protective Order. The burden of establishing good cause for confidential designation shall rest with the Producing Party.

16. If any Party or person that has obtained "Confidential Material" under the terms of this Protective Order receives a subpoena or other legal process commanding the production of any such documents or information ("subpoena"), such Party or person (with the exception shall within five (5) business days notify counsel for the Producing Party or the party that designated the information or documents as "Confidential Material" of the service of the subpoena. The Party or person receiving the subpoena shall not produce any "Confidential Material" in response to the subpoena without either the prior written consent of the Party or person that designated the information or documents as "Confidential Material" or an order of a court of competent jurisdiction. However, the Party or person that designated the

information or documents as "Confidential Material" in such case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed Party or person shall be relieved of its obligations under this paragraph. The subpoena-related obligations set forth in this paragraph 16 shall not apply to the Court or Court personnel.

17. The provisions of this Protective Order shall not terminate at the conclusion of this action. Within 60 days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all documents and copies thereof, including, without limitation, all "Confidential Material" received under the provisions of this Protective Order, and all documents containing or describing "Confidential Material" other than trial transcripts, trial exhibits admitted into evidence, and declarations executed under paragraph 4 shall, at the option of the Producing Party or person, either be returned to the Producing Party or person or destroyed; provided, however, that privileged documents or work product need not be returned but instead shall be destroyed. All parties or persons that received "Confidential Material" shall certify compliance with this section in writing at the request of the Producing Party or person. The obligations set forth in this paragraph 17 shall not apply to the Court or Court personnel.

18. [reserved]

19. For the purpose of enforcing the terms of this Protective Order, this Court or any Court to which this action is transferred shall retain jurisdiction over

the Parties and each person who has executed a certificate substantially similar to Exhibit A.

20.     Nothing in this Protective Order shall provide the basis for any assertion that confidentiality protection should or should not extend to documents used as exhibits at a trial in this action. Upon request, the Parties shall meet and confer regarding the treatment of "Confidential Material" at trial. In the event that the Parties cannot agree on an appropriate form of a proposed order, the treatment of "Confidential Material" shall be governed by applicable law and the order of the Court.

21.     The terms "Party" and "Parties" as used in this Protective Order refer to the current parties to this action as well as any parties who may later be added to or join this action. The terms of this Protective Order shall apply automatically to any such later added or joined parties. The terms "Producing Party" and "Producing Parties" shall refer not only to the Parties, but also to any non-party that produces documents in this action.

22.     "Confidential Material" shall not be copied or reproduced for use in this action except to the extent that such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproduction shall be subject to the terms of this Protective Order. If the duplicating process by which copies or reproductions of "Confidential Material" are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped as appropriate. The obligations set forth in this

paragraph 22 shall not apply to the Court or Court personnel.

23.     The provisions of this Protective Order may be modified only by order of the Court. Any Party or third-party with standing is free to request such a modification by filing an appropriate motion with the Court.

**DONE** and **ORDERED** this the 8th day of July 2026.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## <u>Exhibit A</u>

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, the undersigned, hereby acknowledge that I have received and read a copy of the Protective Order ("Order") entered by the Court in the federal lawsuit of *Alexandria Smith v. Discover Bank, et al.*, civil action number 1:25-cv-425, pending in the U.S. District Court for the Southern District of Alabama. I further acknowledge that the Order governs the use and disclosure of "Confidential Material" as defined in the Order. I agree to be bound by all applicable provisions of the Order, and I submit to the jurisdiction of the Court in which said lawsuit is pending. I understand that sanctions may be imposed upon me by the Court, including civil and criminal penalties for contempt of court, should I fail to abide by and comply with all the terms, conditions, and restrictions imposed by the Order.

_____                    _____
Date                                                          Name